**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

| | |
|---|---|
| **GEOTAG, INC.,** | |
| **v.** | **2:10-cv-00569** |
| **GEORGIO ARMANI S.P.A.;** *et al.*, | |

| | |
|---|---|
| **GEOTAG, INC.,** | |
| **v.** | **2:10-cv-00570** |
| **AROMATIQUE, INC.;** *et al.*, | |

| | |
|---|---|
| **GEOTAG, INC.,** | |
| **v.** | **2:10-cv-00571** |
| **GUCCI AMERICA, INC.;** *et al.*, | |

| | |
|---|---|
| **GEOTAG, INC.,** | |
| **v.** | **2:10-cv-00572** |
| **STARBUCKS CORP.;** *et al.*, | |

| | |
|---|---|
| **GEOTAG, INC.,** | |
| **v.** | **2:10-cv-00573** |
| **RENT-A-CENTER, INC.;** *et al.*, | |

| | |
|---|---|
| **GEOTAG, INC.,** | |
| **v.** | **2:10-cv-00574** |
| **THE WESTERN UNION COMPANY;** *et al.*, | |

| | |
|---|---|
| **GEOTAG, INC.,**<br><br>v.<br><br>**ROYAL PURPLE, INC.; et al.,** | **2:10-cv-00575** |
| **GEOTAG, INC.,**<br><br>v.<br><br>**YAKIRA, L.L.C.; et al.,** | **2:10-cv-00587** |
| **GEOTAG, INC.,**<br><br>v.<br><br>**WHERE 2 GET IT, INC.; et al.,** | **2:11-cv-00175** |

## <u>MOVING DEFENDANTS' JOINT MOTION TO STAY</u>

In compliance with the Court's November 14, 2011 Order (*see*, *e.g.*, Case No. 2:10-cv-570, Dkt. No. 338),[1] the undersigned Moving Defendants ("Movants") respectfully re-urge their previously briefed Joint Motion to Stay (Dkt. No. 269 (the "Motion")).  For the reasons set forth in the Motion and Reply (attached as Exhibits A and B), which are incorporated herein by reference, and for the additional reasons set forth below, Movants request that the Court stay the above-captioned actions in favor of Microsoft, Google, and Where 2 Get It's declaratory judgment actions in Delaware.

## I.      BACKGROUND

To date, Plaintiff GeoTag, Inc. ("GeoTag") has filed sixteen different lawsuits directed at "locator technology."  Among these lawsuits are the nine above-captioned actions (the "Locator

---

[1] For the sake of clarity, all citations to the docket will be to Case No. 2:10-cv-570.  Identical versions of each cited document can be found in each of the above-captioned cases.

Actions") and seven newly filed actions that are still in their infancy.  All told, GeoTag has sued nearly five hundred entities over their alleged infringement of the same U.S. Patent No. 5,930,474 (the "'474 Patent") by providing various locator services on their commercial websites.  Defendants expect that hundreds more may be added to these suits in the coming months.

Given the unmanageable size of these lawsuits, three providers of such online locator services, Microsoft Corp. ("Microsoft"), Google Inc. ("Google"), and Where 2 Get It, Inc. ("W2GI") filed declaratory judgment actions in Delaware in an effort to protect their customers and remove the specter of litigation from the locator services they provide.  *See Microsoft Corp. v. GeoTag, Inc.*, Case No. 1:11-cv-175 (D. Del); and *Where 2 Get It, Inc. v. GeoTag, Inc.*, Case No. 1:11-cv-223 (D. Del) (collectively, the "Declaratory Judgment Actions").[2]

As set forth in Movants' original Motion, Google, Microsoft, and W2GI (collectively, the "Providers") are all technology providers to customer Defendants in the above-captioned actions. With respect to the liability issues in this litigation, Microsoft's Bing Maps locator service, Google's Google Maps locator service, and W2GI all provide similar store and/or product locator services (hereinafter, "Locator Services" or "Provider Services").  Microsoft, Google, and W2GI host these Locator Services on servers at their company locations and license these Locator Services to their customers for use in searching the Provider databases for and then returning locations of the customer's retail stores or places of business.  Many of the Defendants in the present action are customers of Microsoft, Google, and W2GI.  The Customer Defendants merely license and repackage the Locator Services for display on their websites, and in all likelihood do not have much discoverable information beyond the Providers' Terms of Use

---

[2] In addition, two other providers, The Nielsen Company, LLC and Wilke Thornton, Inc., have moved to intervene in the W2GI suit.  (*See Where 2 Get It, Inc. v. GeoTag, Inc.*, Case No. 1:11-cv-223, Dkt. No. 21 (D. Del)).

Agreements.[3]   The vast majority of discovery as to these Defendants must be sought from the Providers.

As a result, Movants previously requested that the Court stay the above-captioned actions in favor of the Declaratory Judgment Actions.  Movants argued that the Providers, as the hosts of the Locator Services, are the real parties in interest in the dispute.  Indeed, as recognized by GeoTag in its recent filings, the Providers have a strong interest in removing the "cloud on [their] mapping services" in an effort to protect the three-hundred plus customer Defendants in the above actions, and the tens of thousands of other customers who use the Locator Services in essentially the same way as the named Defendants.[4]   (Dkt. No. 358 at 5).   Indeed, in the intervening months since Movants' Motion was initially briefed, GeoTag has sued over a hundred additional defendants with more likely on the horizon.  A stay of these actions allows these issues to be resolved by the real parties in interest—GeoTag and the Providers.  Moreover, because both the Providers and customer Defendants have key common non-infringement and invalidity defenses, a summary judgment in favor of the Providers in Delaware will moot GeoTag's claims against every Defendant in the Texas actions.

In November 2011, the Court heard oral argument on the Motion.  Rather than articulate its true infringement contentions to clarify issues for the Court, GeoTag obfuscated the exact nature of the accused Defendants' accused instrumentalities in these actions.  Thus, the Court found that "Movants' motion is premature, as evidenced by the parties' disagreement about the scope of GeoTag's infringement allegations."  (Dkt. No. 338 at 5).   The Court explained that

---

[3]  As of the filing on the Motion, approximately 64% of the defendants in the Texas actions were Microsoft, Google, or W2GI customers.  *See* Declaration of Michael Bittner (attached as Exhibit C).

[4]  Accordingly, even GeoTag concedes that many of the Defendants' Locator Services—even if not provided by Microsoft, Google or W2GI—operate in a similar manner with respect to the issues presented by the '474 Patent.  As discussed herein, resolution of the issues by the Delaware court similarly would resolve the issues for these other defendants.

"[t]he Local Patent Rules provide for infringement contentions as a mechanism to avoid or resolve this type of dispute" but further found that the Local Patent Rules did not adequately address the unique issues in this now massive litigation.  (*See id.* at 5-6).  Accordingly, the Court denied the Motion without prejudice to re-filing after service of GeoTag's infringement contentions and directed the parties to confer regarding case management proposals addressing the unique issues in this case.  (*Id.*).

Since that time, the posture of these actions and the Parties' relative position have evolved to clarify that the stay requested here is appropriate.  First, GeoTag served its infringement contentions, and contrary to its earlier representations, the infringement contentions continue to implicate the Providers' generic Locator Services rather than each Defendant's specific implementation of such locator technology.  (*Id.* at 5 ("During oral argument, Plaintiff stated it is not accusing use of, for example, the products of Microsoft, Google, and W2GI. Rather, Plaintiff submitted it accuses each defendant's specific implementation of a 'locator' or 'finder' database management system that involves 'geographical hierarchies,' a search engine, and results sorted according to the geographical hierarchies.")).  GeoTag's infringement contentions appear to be cookie-cutter replicas for each Defendant and lack any allegations regarding "specific implementations" by each Defendant.  These generic infringement contentions are a far cry from the promised "unique systems and methods of each putative 'customer.'" (*Id.*).

In addition, since the hearing on the prior Motion, it has become more clear that the real dispute is between GeoTag and the Providers rather than with the customers.  The Delaware court fully considered these issues in connection with GeoTag's motion to transfer the Microsoft/Google declaratory judgment action to this Court, and stated:

> In patent litigation, there is an exception to this, which is that—under some circumstances—a later-filed suit between a patent holder and a manufacturer will take precedence over an earlier-filed suit between the patent holder and the manufacturer's customer. . . . ***I believe the real dispute here is between GeoTag and the companies that provide the mapping services, and not between GeoTag and the customers*** of the companies that provide the mapping services. The plaintiffs produced ten requests for indemnification from their customers who were sued by GeoTag. These ten requests were said to be "samples."  It is clear that the plaintiffs have exactly the sort of manufacturers' interest as described in *Lear Siegler*. ***I believe this litigation does fall within the customer suit exception***.

*Microsoft Corp. v. GeoTag, Inc.*, Case No. 1:11-cv-175, Order Denying Transfer, at 10-11 (D. Del. Jan. 13, 2012) (citations and footnotes omitted; emphasis added) (attached as Exhibit D). And, notwithstanding its representation to the Court that it was not accusing W2GI's products of infringement (discussed above), GeoTag in fact sued W2GI in this Court in Case No. 2:11-cv-00175 captioned above.  There can be no doubt that GeoTag believes the Providers' technology here is central to resolution of this dispute.

Even GeoTag's recent Case Management Proposal now apparently recognizes the centrality of Google, Microsoft, and W2GI to its allegations in these actions.  (*See* Dkt. No. 338). GeoTag's proposal asks the Court to adopt a procedure in which GeoTag proceeds against the Providers' customers in Texas (rather than directly against the Providers themselves in Delaware) and to *pseudo*-stay the remaining Defendants.  As set forth in more detail below, however, GeoTag's requested *pseudo*-stay is inappropriate and would severely prejudice Defendants.  If any stay is granted, then it should be the full stay requested by Movants so that the real parties in interest—GeoTag and the Providers themselves (as opposed to their customers)—may litigate GeoTag's claims in Delaware.

Accordingly, having received and considered GeoTag's infringement contentions and Case Management Proposal, Movants respectfully re-urge their Motion to Stay.  Movants

respectfully request that the Court stay the above-captioned actions pending resolution of the validity and infringement issues that are being litigated in Delaware.

## II.   ARGUMENT

Based on the present posture of these actions, including the most recent developments, the applicable law mandates that the only and best way to resolve the litigation is through a stay of the present Locator Actions during the pendency of the Declaratory Judgment Actions in Delaware.  In particular, the "customer suit exception" provides that litigation against or brought by the manufacturer of infringing goods takes precedence over a suit by the patent owner against customers of the manufacturer.  *Katz v. Lear Siegler, Inc.*, 909 F.2d 1459, 1464 (Fed. Cir. 1990) (affirming order enjoining continuation of the customer suit pending resolution of the manufacturer action).  "At the root of the preference for a manufacturer's declaratory judgment action is the recognition that, in reality, the manufacturer is the true defendant in the customer suit . . ..  It is a simple fact of life that a manufacturer must protect its customers, either as a matter of contract, or good business, or in order to avoid the damaging impact of an adverse ruling against its products."  *Id.* at 1464; *see also, e.g., Kahn v. General Motors Corp.*, 889 F.2d 1078, 1081 (Fed. Cir. 1989) ("customer suit exception is based on the manufacturer's presumed greater interest in defending its actions against charges of patent infringement; and to guard against possibility of abuse").

The guiding principles in cases applying the customer suit exception are efficiency and judicial economy.  *Tegic Commc'ns Corp. v. Bd. of Regents of the Univ. Of Tex. Sys.*, 458 F.3d 1335, 1343 (Fed. Cir. 2006).  In making a determination of efficiency, the Federal Circuit has articulated certain factors: (1) whether the customer-defendant in the earlier-filed case is merely a peripheral party; (2) whether the customer-defendant agrees to be bound by any decision in favor of the patent owner; and (3) whether the manufacturer is the only source of the infringing

product.  *Id.*  Thus, if the factors are met and the manufacturer is determined to be the real party in interest, global resolution of the dispute is preferred over piecemeal litigation as a matter of judicial economy.  *Delphi Corp. v. Auto. Tech. Int'l, Inc.*, Case No. 08-cv-11048, 2008 WL 2941116, at *5 (E.D. Mich. July 25, 2008) (applying the customer suit exception to allow the manufacturer's declaratory judgment action to proceed).

GeoTag has had the opportunity to respond to the "customer suit exception" issues in Delaware and lost.  The Delaware Court concluded that the best place to resolve this dispute was in that court—there is no need to allow GeoTag a second bite at the apple in an effort to exert nothing more than cost-of-litigation type settlements by keeping these customer suits alive in Texas.

A.      **As evidenced by GeoTag's Infringement Contentions, the Provider Services comprise a material part of the customer Defendants' accused functionality.**

In their original Motion, Movants provided a screenshot of Subway's Restaurant Locator service as representative of the typical relationship between a Movant's locator service and the Providers' products and services.  (Motion, at 10).  Subway's locator service is provided through Google.  Since that time, Subway has slightly re-designed their website.  Presently, a search for Subway Restaurants in "Dallas, Texas" generates the following screen:



As explained in the original Motion, the information displayed above is not hosted on Subway's servers or on its website; rather the information is stored on a database hosted by Google and is searched using Google's search engine technology.  Notably, and as GeoTag concedes, the asserted patent is limited to the structure of the database and the related search engine.  Thus, the relevant technology at issue here is actually Google's—not Subway's.

As can be seen from the excerpt below, GeoTag's Infringement Contentions for Subway utilize the exact same screenshot to illustrate GeoTag's allegations against the Restaurant Locator.  (*See* Subway Infringement Contentions, attached as Exhibit E).

SUBWAY'S EXHIBIT
ACCUSED INSTRUMENTALITY: SUBWAY



| wherein entries corresponding to each one of said hierarchy of geographical areas is further organized into topics; and | In the database of the Accused Instrumentality, entries corresponding to each one of said hierarchy of geographical areas are further organized into topics. For example, among other things, the database of the Accused Instrumentality includes store hours, phone numbers, store number, and credit cards accepted along with distance. |

As Movants have previously demonstrated through declarations provided by Microsoft, Google, and W2GI employees, the technology used to generate this result page belongs solely to the Providers engaged by a Defendant (Google in this example).  As such, GeoTag is directly accusing Provider technology of infringement rather than a Subway specific implementation.  During oral argument on the Motion, GeoTag represented to the Court that "it is <u>not</u> accusing use of, for example, the products of Microsoft, Google, and W2GI."  (Dkt. No. 338 at 5 (emphasis added)).  Instead, GeoTag submitted that it is accusing each Defendant's <u>specific implementation</u> of a 'locator' or 'finder' database management system that involves 'geographical hierarchies,' a search engine, and results sorted according to the geographical hierarchies."  (*Id.*)  GeoTag's infringement contentions, however, do not identify specific implementations of any database management systems, specific geographical hierarchies, or any search engine owned or controlled by each Defendant, and are generally devoid of any allegations of "specific

implementations" by each Defendant.[5]   Rather, GeoTag has utilized cookie-cutter contentions against all Defendants in which mere screenshots of the accused websites are cut-and-pasted into a template claim chart.   As representative examples, Movants have attached the claim charts received in Case Nos. 2:10-cv-570 and 2:10-cv-587 for the Court's review (*see* Exhibit F).   As can be seen, GeoTag's infringement contentions are almost entirely cut-and-paste versions of one another and fail to address any Defendant's "specific implementation" of a Provider service. Further consistent with its pleadings, GeoTag's infringement contentions do not allege infringement of anything other than the locator services on each of Defendants' websites. GeoTag continues to remain silent on just *what else* is being accused.   Thus, GeoTag accuses only the basic process by which a geographic parameter (*e.g.*, Dallas, Texas) is entered into a search box and a results page is generated.   As previously demonstrated and supported by declarations from the Providers, this process is carried out for a majority of Defendants by search engines, web servers, and databases owned and controlled by the Providers.

---

[5]   At most, GeoTag has added some "Career Locator" allegations to its previous Store, Retail, and Restaurant Locator allegations for some Defendants.  While these Career Locator allegations may not be directly addressed in the Declaratory Judgment Actions, claim construction in the Declaratory Judgment Actions will resolve these claims as well.

In particular, claim construction in the Declaratory Judgment Actions will resolve whether any of the accused Locator searches are within the scope of the '474 Patent.  Defendants contend that the patentee has disclaimed such Locator searches (including career locator searches) because such searches are merely geographic differentiated listings for the same topic rather than a listing of multiple topics organized geographically.  *See* '474 Patent, 5:47-65 ("Thus, each of the [topic] lists is primarily related by association with physical attributes within a particular geographic area.  That is, although the topic selections associated with a particular geographical area may be related by chance (*e.g.*, a particular chain of restaurants may be owned by the same company as another chain of bakeries) the essential reason for grouping the topics together is that they are associated with the same geographic area.  Thus, *such a system is distinguished from systems which have geographically differentiated listings for the same topic (such as job search databases which include information about jobs in different cities), since these listings are primarily related to the topic (e.g., jobs), not to the geographical area.*" (emphasis added).  Resolution of this dispute, which affects all locator type searches, will resolve GeoTag's allegations against the Provider Services and its recently constructed career locator allegations.

**B.      The customer-suit exception applies.**

GeoTag does not dispute that the "customer suit exception" is applicable when a case involves a manufacturer of an infringing apparatus and a customer that is a "mere reseller" of the manufacturer's product.  (*See* Dkt. No. 278 ("GeoTag Response"), at 9 (citing *Katz v. Lear Siegler, Inc.*, 909 F.2d 1459, 1464 (Fed. Cir. 1990))).  Nor does GeoTag dispute that the guiding principles in cases applying the customer suit exception are efficiency and judicial economy. (*Id.* at 10 (citing *Tegic Commc'ns Corp. v. Bd. Of Regents of the Univ. of Tex. Sys.*, 458 F.3d 1335, 1343 (Fed. Cir. 2006))).  In making a determination of efficiency, the factors articulated by the Federal Circuit are (1) whether the customer-defendant in the earlier-filed case is merely a peripheral party; (2) whether the customer-defendant agrees to be bound by any decision in favor of the patent owner; and (3) whether the manufacturer is the only source of the infringing product.  *Tegic*, 458 F.3d at 1343.  Since the only disagreement here concerns application of this law to the facts in these actions, Movants again point to the evidence supporting their position that efficiency will be served by a stay.

First, as demonstrated above, GeoTag's infringement contentions accuse the basic process by which a geographic parameter (*e.g.*, Dallas, Texas) is entered into a search box and a results page is generated.  As provided in the declarations of the Providers, this process is carried out by the Providers rather than the customers themselves.  (Declarations attached as Exhibits G, H, and I).  Second, Microsoft and Google represented to the Delaware Court that their customers have sought indemnification from them because of GeoTag's actions against the customers.  (*See* Dkt. No. 289, at 8-9).  Therefore, in addition to the Providers' belief that GeoTag is actually accusing their products and services of infringement, it is clear that the customers of the Providers agree.  The customers would not otherwise seek indemnification from the Provider. Third, if the stay is granted, Movants agree to be bound by the final determination of validity or

invalidity in the pending Declaratory Judgment Action.  *See Shifferaw v. Emson USA,* No. 09-54, 2010 U.S. Dist. LEXIS 25612, at *10 (E.D. Tex. Mar. 18, 2010) (Everingham, J.) (the fact that the defendants will stipulate that they will be bound *weighs heavily* towards a finding that adjudication of the claims against the manufacturer would likely dispose of the rest of the case).[6]

Finally, and perhaps most importantly, the Delaware Court **has already recognized that the customer suit exception applies** in this case.  In denying GeoTag's motion to transfer the Declaratory Judgment Actions to Texas, the Delaware Court stated the following:

> Defendant [GeoTag] argues that the "first-filed" rule applies to this case.  Plaintiffs [Microsoft and Google] argue that the "customer suit exception to the first-filed rule" applies to this case.  I understand this argument to be that the normal rule is "'first to the courthouse" wins as to where a suit will be heard.  In patent litigation, there is an exception to this, which is that— under some circumstances—a later-filed suit between a patent holder and a manufacturer will take precedence over an earlier-filed suit between the patent holder and the manufacturer's customer. . . .  *I believe the real dispute here is between GeoTag and the companies that provide the mapping services, and not between GeoTag and the customers* of the companies that provide the mapping services.  The plaintiffs produced ten requests for indemnification from their customers who were sued by GeoTag.  These ten requests were said to be "samples."  It is clear that the plaintiffs have exactly the sort of manufacturers' interest as described in *Lear Siegler.  I believe this litigation does fall within the customer suit exception*.

*Microsoft Corp. v. GeoTag, Inc.*, Case No. 1:11-cv-175, Order Denying Transfer, at 10-11 (D. Del. Jan. 13, 2012) (citations and footnotes omitted; emphasis added).

---

[6] As a result, these actions are distinguishable from this Court's past decisions regarding the customer suit exception in which defendants did not agree to be so bound.  *See Datatern, Inc. v Staples, Inc.*, Case No. 2:10-cv-133 (E.D. Tex. Jan. 24, 2012) (Craven, J.).  Here, Movants have already agreed to be bound by the invalidity or validity findings in Delaware.  In addition, any Delaware infringement or non-infringement finding would resolve GeoTag's claims against the Customer Defendants—(1) a finding of non-infringement would dispose of GeoTag's allegations against the Provider technology, or (2) a finding of infringement and payment by the Providers would exhaust GeoTag's patent rights against downstream consumers (*i.e.*, the Customer Defendants).

GeoTag's infringement contentions confirm it lacks any allegations of "specific implementations" as to each Defendant, and Movants have provided more than sufficient evidence that they are mere peripheral parties. Thus, the Providers are the real parties in interest, and the customer-suit exception supports a stay of the above actions pending resolution in Delaware.

### C.    GeoTag's Case Management Proposal recognizes the centrality of the Providers to GeoTag's allegations.

GeoTag's recently filed Case Management Proposal suggests that GeoTag has shifted its position on the centrality of Microsoft, Google, and W2GI to its allegations in these actions. In denying the Movants' Motion, the Court recognized that GeoTag had previously argued that "Movants fail to provide evidence that they are 'customers' of Google, Microsoft, or W2GI or that those entities have been 'providers' of the accused methods and systems during the potential damages period" and that "Plaintiff [had previously] stated it is not accusing use of, for example, the products of Microsoft, Google, and W2GI." (Dkt. No. 338, at 4-5).

Now, rather than maintaining its previous position that its allegations do not involve the Providers' Services, GeoTag's new Case Management Plan "attempts to accommodate" the Providers' concerns and "expedit[e] the disposition of GeoTag's claims against the customers of Microsoft, Google, and Where2GetIt." (Dkt. No. 358, at 4). To that end, GeoTag asks the Court to adopt a procedure by which GeoTag can litigate its claims against "indemnified" customers of Google, Microsoft, and W2GI. (*Id.* at 7-8 (identifying proceedings against "Defendants in the GeoTag Store Locator Actions identifying Microsoft, Google or Where2GetIt as asserted indemnitors")). Thus, GeoTag wishes to litigate only against those customers whose defense is controlled by one of the Delaware Providers. In essence, GeoTag wishes to litigate against the Delaware Providers here in Texas.

This is nothing more than a thinly disguised collateral attack on the Delaware Court's recent order denying transfer of the Delaware actions to Texas.  Having failed in Delaware, GeoTag now looks to this Court for the same relief "by a different name."  This collateral attack on the Delaware Court's prior adjudication should be flatly rejected.  *See Allen v. McCurry*, 449 U.S. 90, 94 (1980) ("As this Court and other courts have often recognized, res judicata and collateral estoppel relieve parties of the cost and vexation of multiple lawsuits, conserve judicial resources, and, *by preventing inconsistent decisions, encourage reliance on adjudication*" (emphasis added)).

Moreover, GeoTag's recent Case Management Proposal admits the importance of the Providers' services to its infringement contentions in these actions.  If the Providers were not central to GeoTag's allegations, it would not be willing to request a *pseudo*-stay of unknown length for all Defendants whose defense is not being controlled by a Provider while it proceeds solely against the Providers' systems.  In addition, GeoTag's Case Management Proposal recognizes that the necessary discovery in these actions must likely come from the Providers themselves.  By requesting that these cases only proceed against indemnified customers, GeoTag is attempting to ensure that it will have ready access to the necessary source code and technical documents held by the Providers.[7]  Movants respectfully submit, however, that a convoluted procedure that allows GeoTag to prosecute its case against the Providers in Texas is not in the interest of efficiency for the Parties or the Court.  Rather, these Texas actions should be stayed so that GeoTag may litigate against the Providers directly—in Delaware.

---

[7]  Indeed, both Defendants' Case Management Proposal and GeoTag's Case Management Proposal implicitly recognize that the necessary source code is in the possession of third-party Providers.  (*See* Dkt. No. 357 at 4 (Defendants' Proposal Step 1), and Dkt. No. 358 at 8 (Plaintiff's Proposal Step 1)).

Finally, non-indemnified Defendants will be prejudiced by GeoTag's *pseudo*-stay. Essentially the non-indemnified Defendants would be forced to engage in expensive discovery (namely, claim construction and every deposition noticed on GeoTag) but have no hope for a corresponding benefit—*i.e.*, substantive resolution of GeoTag's claims against them in the near future.[8]   At bottom, GeoTag's Case Management Proposal, if adopted by the Court, would enable GeoTag to litigate against the real parties in interest (the Providers) in the wrong forum while, at the same time, maintain the specter of litigation and thus settlement pressure on the remaining Defendants.   Accordingly, Movants respectfully submit that these actions should be fully stayed as requested in this Motion rather than the unfair *pseudo*-stay requested by GeoTag.

If GeoTag wishes to litigate its claims against the Providers, it should be required to do so in Delaware, in the pending Declaratory Judgment Actions.

### III.   CONCLUSION

For the reasons discussed herein, Movants respectfully request that the Court stay the present actions pending resolution of the validity and infringement issues that are being litigated in the District of Delaware.

---

[8]   Moreover, the exact scope of GeoTag's proposed *pseudo*-stay is unclear.  At one point, GeoTag's plan appears to only require source code and technical document production from Indemnified Defendants (and not from other Defendants).  (*See* Step 3).  But GeoTag's plan also appears to require such production from all Defendants pursuant to Local Patent Rule 3-4(a).  (*See* Step 2).

Dated: January 27, 2012                    Respectfully submitted,

                                           */s/ Neil J. McNabnay*
                                           Neil J. McNabnay
                                           Texas Bar No. 24002583
                                           njm@fr.com
                                           Michael A. Bittner
                                           Texas Bar No. 24064905
                                           mrb@fr.com
                                           Jane J. Du
                                           Texas Bar No. 24076355
                                           jjd@fr.com
                                           FISH & RICHARDSON P.C.
                                           1717 Main Street, Suite 5000
                                           Dallas, Texas 75201
                                           (214) 747-5070 - Telephone
                                           (214) 747-2091 - Facsimile

                                           COUNSEL FOR DEFENDANTS
                                           ASICS AMERICA CORP.; AVIS BUDGET GROUP,
                                           INC.; AVIS RENT A CAR SYSTEM, LLC; BEST
                                           MAID PRODUCTS, INC.; BJ'S WHOLESALE CLUB,
                                           INC.; THE BOEING COMPANY; BURGER KING
                                           CORP.; CABELA'S, INC.; CHANEL, INC.; DOCTOR'S
                                           ASSOCIATES, INC. D/B/A SUBWAY; DOLLAR RENT
                                           A CAR, INC.; DOLLAR THRIFTY AUTOMOTIVE
                                           GROUP, INC.; DOLLAR TREE, INC.; INTERSTATE
                                           BATTERY SYSTEMS OF AMERICA, INC.; JACK IN
                                           THE BOX, INC.; KOHLER CO.; KUBOTA TRACTOR
                                           CORP.; LIVE NATION WORLDWIDE, INC.; LOWE'S
                                           HOME CENTERS, INC.; PIP, INC. D/B/A PIP
                                           PRINTING AND MARKETING SERVICES; POLO
                                           RALPH LAUREN CORP.; RADIO SHACK CORP.;
                                           RALPH LAUREN MEDIA, LLC; RICHEMONT
                                           NORTH AMERICA, INC. D/B/A CARTIER;
                                           SOUTHERN STATES COOPERATIVE; STERLING
                                           JEWELERS, INC. D/B/A JARED THE GALLERIA OF
                                           JEWELRY D/B/A KAY JEWELERS; TICKETMASTER
                                           L.L.C.; TIFFANY & CO. D/B/A TIFFANY &
                                           COMPANY; THRIFTY, INC.; VAN CLEEF & ARPELS,
                                           INC.; WINN-DIXIE STORES, INC.

*/s/ Matias Ferrario*
Matias Ferrario
NC Bar No. 38723
mferrario@kilpatricktownsend.com
KILPATRICK TOWNSEND & STOCKTON LLP
1001 West Fourth Street
Winston-Salem, NC 27101-2400
Telephone:  336.607.7300
Facsimile:  336.607.7500

Michael E. Jones
State Bar No. 10929400
mikejones@potterminton.com
Allen F. Gardner
State Bar No. 24043679
allengardner@potterminton.com
POTTER MINTON
A Professional Corporation
110 N. College, Suite 500 (75702)
P. O. Box 359
Tyler, TX 75710
Telephone: 903.597.8311
Facsimile: 903.593.0846

**ATTORNEYS FOR DEFENDANT
AGCO CORP.**

*/s/ Robert M. Fuhrer*
George M. Sirilla (admitted pro hac vice)
Jack S. Barufka (admitted pro hac vice)
Robert M. Fuhrer (admitted pro hac vice)
PILLSBURY WINTHROP SHAW PITTMAN LLP
1650 Tysons Blvd., 14th Floor
McLean, VA 22102
703.770.7900 – Telephone
703.770.7901 – Facsimile

**ATTORNEYS FOR DEFENDANTS
BASS PRO, INC., BPS DIRECT, L.L.C., AND BASS
PRO OUTDOORS ONLINE, L.L.C.**

*/s/ Brian C. McCormack*
Mark D. Taylor
Texas Bar No. 19713250
mark.taylor@bakermckenzie.com
Brian C. McCormack
Texas Bar No. 00797036
brian.mccormack@bakermckenzie.com
Nathan A. Engels
Texas Bar No. 24036526
nathan.engels@bakermckenzie.com
BAKER & MCKENZIE LLP
2300 Trammell Crow Center
2001 Ross Avenue
Dallas, TX  75201
Tel. (214) 978-3000
Fax (214) 978-3099

**COUNSEL FOR DEFENDANTS
ALBERTSON'S, LLC; ALBERTSON'S, INC.;
AROMATIQUE, INC.; AS AMERICA, INC.;
BOB EVANS FARMS, INC.; BOB EVANS
RESTAURANTS OF MICHIGAN, LLC; CEC
ENTERTAINMENT, INC.; CEC
ENTERTAINMENT CONCEPTS, L.P.;
ILITCH HOLDINGS, INC.; LITTLE CAESAR
ENTERPRISES, INC.; and PIGGLY WIGGLY,
LLC**

*/s/ Martin B. Pavane*
Martin B. Pavane
New York Bar No. 1528819
mpavane@cozen.com
COZEN O'CONNOR
277 Park Avenue
New York, New York 10172
(212) 883-4900 (Telephone)
(212) 986-0604 (Telecopy)

**ATTORNEYS FOR DEFENDANT
BEECH NUT NUTRITION CORP.**

_/s/ Trey Yarbrough_
Trey Yarbrough
Bar No. 22133500
Debby E. Gunter
Bar No. 24012752
YARBROUGH ♦ WILCOX, PLLC
100 E. Ferguson St., Ste. 1015
Tyler, TX 75702
Telephone: (903) 595-3111
Facsimile: (903) 595-0191
trey@yw-lawfirm.com
debby@yw-lawfirm.com

Anthony F. Lo Cicero
Richard S. Mandaro
Benjamin Charkow
AMSTER ROTHSTEIN & EBENSTEIN LLP
90 Park Avenue
New York, NY 10016
Telephone: (212) 336-8000
Facsimile: (212) 336-8001
DineEq-GTag@arelaw.com

**ATTORNEYS FOR DEFENDANTS
APPLEBEE'S INTERNATIONAL, INC. AND
APPLEBEE'S IP, LLC**

_/s/ Deron R. Dacus_
Deron R. Dacus
Texas Bar No. 00790553
derond@rameyflock.com
Ramey & Flock, P.C.
100 E. Ferguson, Suite 500
Tyler, Texas  75702
Phone:  (903) 597-3301
Fax:  (903) 597-2413

**COUNSEL FOR DEFENDANT
CRACKER BARREL OLD COUNTRY STORE D/B/A
CRACKER BARREL**

*/s/ Robert W. Kantner*
ANDREW VALENTINE
California Bar No. 162094
ERIK R. FUEHRER
California Bar No. 252578
DLA PIPER LLP (US)
2000 University Avenue
East Palo Alto, CA  94303-2214
Phone: 650.833.2000
Fax: 650.833.2001

ROBERT W. KANTNER
Texas Bar No. 11093900
DLA PIPER LLP (US)
1717 Main Street, Suite 4600
Dallas, TX  75201-4629
Phone:  214.743.4500
Fax: 214-743-4545

**ATTORNEYS FOR DEFENDANT
BURT'S BEES, INC.**

*/s/ Elizabeth L. DeRieux*
Elizabeth L. DeRieux
ederieux@capshawlaw.com
CAPSHAW DERIEUX, LLP
114 E. Commerce Ave.
Gladewater, Texas  75647
(903) 236-9800
(903) 236-8787

H. Jonathan Redway, Lead Attorney
jredway@dickinsonwright.com
Nicole M. Meyer (Pro Hac Vice)
nmeyer@dickinsonwright.com
DICKINSON WRIGHT PLLC
1875 I Street, NW, Suite 1200
Washington, DC 20006
Phone: (202) 457-0160
Fax: (202) 659-1559

**ATTORNEYS FOR DEFENDANT
CARHARTT INC.**

_/s/ J. Thad Heartfield_
J. Thad Heartfield (Texas Bar No. 09346800)
M. Dru Montgomery (Texas Bar No. 24010800)
THE HEARTFIELD LAW FIRM
2195 Dowlen Road
Beaumont, Texas 77706
Phone: 409.866.3318
Fax: 409.866.5789
E-mail: thad@jth-law.com
E-mail: dru@jth-law.com

David M. Stein (Texas Bar No. 00797494)
McDERMOTT WILL & EMERY LLP
18191 Von Karman Avenue, Suite 500
Irvine, CA 92612.7108
Phone: 949.851.0633
Fax: 949.851.9348
E-mail: dstein@mwe.com

**ATTORNEYS FOR DEFENDANTS
CONN'S, INC. AND DELI MANAGEMENT, INC. D/B/A
JASON'S DELI**

_/s/ Robert W. Kantner_
Robert W. Kantner
Texas State Bar No. 11093900
DLA Piper LLP (US)
1717 Main Street, Suite 4600
Dallas, Texas 75201
Telephone:  214-743-4544
Facsimile:  972-813-6256

**ATTORNEY FOR CINNABON, INC., MOE'S
FRANCHISOR, LLC AND SCHLOTZSKY'S
FRANCHISOR, LLC**

*/s/ Avelyn M. Ross*

Willem G. Schuurman (TX Bar No. 17855200)
Avelyn M. Ross (TX Bar No. 24027871)
VINSON & ELKINS L.L.P.
2801 Via Fortuna, Suite 100
Austin, Texas 78746-7568
Tel: (512) 542-8400
Fax: (512) 236-3218
bschuurman@velaw.com
aross@velaw.com

Scott W. Breedlove (TX Bar No. 00790361)
Srinivas G. Pathmanaban (TX Bar No. 24074865)
VINSON & ELKINS LLP
Trammell Crow Center
2001 Ross Avenue, Suite 3700
Dallas, Texas 75201-2975
Tel:  (214) 220-7700
Fax: (214) 999-7993
sbreedlove@velaw.com
gpathmanaban@velaw.com

**ATTORNEYS FOR CHRISTIAN DIOR PERFUMES, LLC**

*/s/ Anthony F. Lo Cicero*

Anthony F. Lo Cicero
Richard S. Mandaro
Benjamin Charkow
AMSTER ROTHSTEIN & EBENSTEIN LLP
90 Park Avenue
New York, NY 10016
Telephone: (212) 336-8000
Facsimile: (212) 336-8001
DineEq-GTag@arelaw.com

**ATTORNEYS FOR DEFENDANTS**
**IHOP IP, LLC AND DINEEQUITY, INC.**

*/s/ Maralee MacDonald*
Boutin Jones Inc.
Maralee MacDonald
Admitted Pro Hac Vice
California Bar No. 208699
mmacdonald@boutinjones.com
Chris Gibson
Admitted Pro Hac Vice
California Bar No. 073353
cgibson@boutinjones.com
555 Capitol Mall, Suite 1500
Sacramento, CA  95814

McGinnis, Lochridge & Kilgore, LLP
Travis C. Barton
Texas Bar No. 00790276
tcbarton@mcginnislaw.com
600 Congress, Suite 2100
Austin, TX  78701

Findlay Craft, LLP
R. Brian Craft
Texas Bar No. 04972020
bcraft@findlaycraft.com
Eric Findlay
Texas Bar No. 00789886
efindlay@findlaycraft.com
6760 Old Jacksonville Highway, Suite 101
Tyler, TX  75703

**ATTORNEYS FOR DEFENDANT
JELLY BELLY CANDY COMPANY**

*/s/ Margaret Elizabeth Day*
Margaret Elizabeth Day (CA Bar No. 177125)
(*pro hac vice*)
eday@feinday.com
FEINBERG DAY ALBERTI & THOMPSON LLP
401 Florence Street, Suite 201
Palo Alto, CA 94301
Telephone: (650) 618-4360
Facsimile: (650) 618-4368

**ATTORNEYS FOR
DEFENDANT/COUNTERCLAIMANT
MONSTER CABLE PRODUCTS, INC.**

*/s/ Robert J. Lenihan*
Robert J. Lenihan, II (*pro hac vice*)
Brent G. Seitz (*pro hac vice*)
Harness, Dickey & Pierce, P.L.C.
5445 Corporate Drive, Suite 200
Troy, MI 48098
(248) 641-1600
rjlenihan@hdp.com
bseitz@hdp.com

Michael C. Smith (TX Bar #18650410)
Siebman, Burg, Phillips & Smith, LLP
P.O. Box 1556
113 E. Austin Street
Marshall, TX 75671-1556
(903) 938-8900
michaelsmith@siebman.com

**ATTORNEYS FOR**
**LA-Z-BOY INCORPORATED**

*/s/ Gregory F. Ahrens*
Gregory F. Ahrens
Ohio State Bar No. 0038627
(Admitted in the ED TX)
gahrens@whepatent.com
Wood, Herron & Evans, L.L.P.
441 Vine Street, 2700 Carew Tower
Cincinnati, OH  45202
Tel:  (513) 241-2324
Fax:  (513) 241-6234

**ATTORNEY FOR DEFENDANT**
**NATIONAL INTERLOCK SYSTEMS, INC.**

*/s/ Matias Ferrario*
Matias Ferrario
NC Bar No. 38723
mferrario@kilpatricktownsend.com
KILPATRICK TOWNSEND & STOCKTON LLP
1001 West Fourth Street
Winston-Salem, NC 27101-2400
Telephone:  336.607.7300
Facsimile:  336.607.7500

Michael E. Jones
State Bar No. 10929400
mikejones@potterminton.com
Allen F. Gardner
State Bar No. 24043679
allengardner@potterminton.com
POTTER MINTON
A Professional Corporation
110 N. College, Suite 500
P. O. Box 359
Tyler, TX 75702
Telephone: 903.597.8311
Facsimile: 903.593.0846

**ATTORNEYS FOR DEFENDANTS LABORATORY
CORPORATION OF AMERICA HOLDINGS AND
LABORATORY CORPORATION OF AMERICA**

*/s/ Michael J. Harris*
Christopher J. Renk (Lead Attorney)
IL Bar No. 6199012
crenk@bannerwitcoff.com
Thomas K. Pratt
IL Bar No. 6209761
tpratt@bannerwitcoff.com
Michael J. Harris
IL Bar No. 6280168
mharris@bannerwitcoff.com
Banner & Witcoff, LTD.
10 S. Wacker Drive, Ste. 3000
Chicago, IL 60606
Tel: (312) 463-5000
Fax: (312) 463-5001

**ATTORNEYS FOR DEFENDANT, NIKE, INC.**

*/s/ Trey Yarbrough*

Trey Yarbrough
Bar No. 22133500
Debby E. Gunter
Bar No. 24012752
YARBROUGH ♦ WILCOX, PLLC
100 E. Ferguson St., Ste. 1015
Tyler, TX 75702
Telephone: (903) 595-3111
Facsimile: (903) 595-0191
trey@yw-lawfirm.com
debby@yw-lawfirm.com

Anthony F. Lo Cicero
Richard S. Mandaro
Benjamin Charkow
AMSTER ROTHSTEIN & EBENSTEIN LLP
90 Park Avenue
New York, NY 10016
Telephone: (212) 336-8000
Facsimile: (212) 336-8001

**ATTORNEYS FOR DEFENDANT**
**MACY'S RETAIL HOLDINGS, INC.**
**SUED ERRONEOUSLY AS MACY'S, INC.**

*/s/ Michael E. Schonberg*
Bruce S. Sostek
  State Bar No. 18855700
  Bruce.Sostek@tklaw.com
Michael E. Schonberg
  State Bar No. 00784927
  Mike.Schonberg@tklaw.com
Vishal Patel
  State Bar No. 24065885
  Vishal.Patel@tkalw.com
THOMPSON & KNIGHT LLP
One Arts Plaza
1722 Routh St., Suite 1500
Dallas, Texas 75201
214.969.1700
214.969.1751 (Fax)

**ATTORNEYS FOR DEFENDANTS
VF OUTDOOR, INC. D/B/A THE NORTH
FACE; AND SEVEN FOR ALL MANKIND,
LLC. D/B/A 7FAM**

*/s/ Dru Montgomery*
Dru Montgomery
Texas State Bar No. 24010800
J. Thad Heartfield
Texas Bar No. 09346800
THE HEARTFIELD LAW FIRM
2195 Dowlen Road
Beaumont, Texas 77706
Telephone: (409) 866-3318
Fax: (409) 866-5789
dru@jth-law.com
thad@jth-law.com

OF COUNSEL:
Guy A. Reiss (*pro hac vice*)
Henry J. Cittone (*pro hac vice*)
REISS+PREUSS LLP
1350 Avenue of the Americas, Suite 2900
New York, NY 10019
(646) 731-2770

**ATTORNEYS FOR DEFENDANT
MIELE INCORPORATED**

*/s/ Michael C. Barrett*
FULBRIGHT & JAWORSKI LLP
Michael A. Swartzendruber
State Bar No. 19557702
2200 Ross Avenue, Suite 2800
Dallas, TX 75201
Tel: 214.855.8000
Fax: 214.855.8200
mswartzendruber@fulbright.com

Michael C. Barrett
State Bar No. 24006803
Sarah R. Holland
State Bar No. 24055679
600 Congress Avenue, Suite 2400
Austin, TX 78701
Tel: 512.474.5201
Fax: 512.536.4598
mbarrett@fulbright.com
sholland@fulbright.com

**COUNSEL FOR OFFICE DEPOT, INC. AND DOLLAR GENERAL CORPORATION**

*/s/ Brian W. LaCorte*
Brian W. LaCorte (AZ Bar No. 012237)
BALLARD SPAHR LLP
1 East Washington Street, Suite 2300
Phoenix, Arizona  85004
Telephone: (602) 798-5400
Fax: (602) 798-5595
lacorteb@ballardspahr.com

William Cornelius (TX Bar No. 04834700)
WILSON, ROBERTSON & CORNELIUS, P.C.
P.O. Box 7339
Tyler, Texas 75711-7339
Telephone:  (903) 509-5000
Facsimile:  (903) 509-5091
wc@wilsonlawfirm.com

**ATTORNEYS FOR DEFENDANT THE REINALT-THOMAS CORPORATION**

*/s/ Jeremy S. Snodgrass*
J. Thad Heartfield
Texas Bar No. 09346800
M. Dru Montgomery
Texas Bar No. 24010800
THE HEARTFIELD LAW FIRM
2195 Dowlen Road
Beaumont, Texas 77706
Telephone: (409) 866-3318
Fax: (409) 866-5789
thad@jth-law.com
dru@jth-law.com

Of counsel:
Ralph J. Gabric
Tadashi Horie
Rickard K. DeMille
Jeremy S. Snodgrass
BRINKS HOFER GILSON & LIONE
NBC Tower, Suite 3600
455 North Cityfront Plaza Drive
Chicago, IL 60611-5599
(312) 321-4200 (telephone)
(312) 321-4299 (facsimile)

**ATTORNEYS FOR DEFENDANTS
SEIKO CORPORATION OF AMERICA,
SEIKO INSTRUMENTS INC., AND
SEIKO WATCH CORP.**

*/s/ Mary Ann L. Wymore*
GREENSFELDER, HEMKER & GALE, P.C.
Mary Ann L. Wymore
mlw@greensfelder.com
(Pro Hac Vice)
J. Andrew Walkup
aw@greensfelder.com
(Pro Hac Vice)
10 South Broadway, Suite 2000
St. Louis, Missouri 63102
Telephone: 314-241-9090
Facsimile: 314-345-5499

CHAMBERLAIN, HRDLICKA, WHITE,
WILLIAMS & MARTIN, P.C.
R. Kyle Hawes
kyle.hawes@chamberlainlaw.com
SBN: 00796725
1200 Smith Street, Suite 1400
Houston, Texas 77002
Telephone: 713-658-1818
Facsimile: 713-658-2553

**ATTORNEYS FOR DEFENDANT
JIM'S FORMAL WEAR COMPANY**

/s/ Matias Ferrario
Matias Ferrario
NC Bar No. 38723
mferrario@kilpatricktownsend.com
KILPATRICK TOWNSEND & STOCKTON LLP
1001 West Fourth Street
Winston-Salem, NC 27101-2400
Telephone:  336.607.7300
Facsimile:  336.607.7500

Geoffrey Gavin
ggavin@kilpatricktownsend.com
KILPATRICK TOWNSEND & STOCKTON LLP
Suite 2800
1100 Peachtree Street
Atlanta, GA 30309-4528
Telephone:  404.815.6500
Facsimile:  404.815.6555

**ATTORNEYS FOR DEFENDANT THE ROCKPORT COMPANY, LLC**

/s/ Matias Ferrario
Matias Ferrario
NC Bar No. 38723
mferrario@kilpatricktownsend.com
KILPATRICK TOWNSEND & STOCKTON LLP
1001 West Fourth Street
Winston-Salem, NC 27101-2400
Telephone:  336.607.7300
Facsimile:  336.607.7500

**ATTORNEY FOR DEFENDANT VICTORINOX SWISS ARMY, INC.**

/s/ *Melissa Richards Smith*

Melissa Richards Smith
Texas State Bar No. 24001351
GILLAM & SMITH, L.L.P.
303 South Washington Avenue
Marshall, Texas 75670
Telephone: (903) 934-8450
Facsimile: (903) 934-9257
E-mail: melissa@gillamsmithlaw.com

**ATTORNEYS FOR DEFENDANTS
THE WESTERN UNION COMPANY;
WESTERN UNION HOLDINGS, INC.; and
PIZZA INN, INC.**

/s/ *Scott Stevens*

Scott Stevens
State Bar No. 00792024
STEVENS LOVE
P.O. Box 3427
Longview, Texas 75606
Telephone: 903-753-6760
Facsimile: 903-753-6761
scott@stevenslove.com

Daniel J. Schwartz
SEYFARTH SHAW LLP
131 S. Dearborn Street - Suite 2400
Chicago, Illinois 60603
Telephone: (312) 460-5000
Facsimile: (312) 460-7000
dschwartz@seyfarth.com

**ATTORNEYS FOR WHERE2GETIT, INC.**

_/s/ R. David Donoghue_
Michael C. Smith
Siebman, Burg, Phillips & Smith, LLP
113 East Austin Street
P.O. Box 1556
Marshall, Texas 75671-1556
(903) 938-8900 (office)
(972) 767-4620 (fax)
michaelsmith@siebman.com

R. David Donoghue
Daniel L. Farris
HOLLAND & KNIGHT LLP
131 South Dearborn Street, 30th floor
Chicago, IL 60603
Tel: (312) 263-3600
Fax: (312)578-6666
david.donoghue@hklaw.com
daniel.farris@hklaw.com

**ATTORNEYS FOR DEFENDANT
HERMAN MILLER, INC.**

_/s/ Ozzie A. Farres_
Fran Aden
Ozzie A. Farres
HUNTON & WILLIAMS LLP
2200 Pennsylvania Avenue, N.W.
Washington, D.C. 20037
(202) 955-1500
bburoker@hunton.com
ofarres@hunton.com

**ATTORNEY FOR DEFENDANT
THE SCOTTS COMPANY LLC**

*/s/ Gregory J. Cummins Jr.*
Robert G Abrams - LEAD ATTORNEY
Gregory J. Commins, Jr.
Phong Nguyen (TX Bar No. 24002690)
Baker & Hostetler LLP
Washington Square, Suite 1100
1050 Connecticut Avenue, NW
Washington, DC 20036-5304
T: (202) 861-1500
F:  (202) 861-1783
rabrams@bakerlaw.com
gcommins@bakerlaw.com
pnguyen@bakerlaw.com

**Attorneys for Defendant, Caterpillar Inc.**

*/s/ Don V. Kelly*
EVANS & DIXON, LLC
Don V. Kelly, Bar No. (Pro Hac Vice)
Eugene P. Schmittgens Jr. (Pro Hac Vice)
Benjamin M. Fletcher (Pro Hac Vice)
211 North Broadway
2500 Metropolitan Square Building
St. Louis, Missouri  63102
Tel. 314-621-7755
Fax 314-884-4466
dkelly@evans-dixon.com
gschmittgens@evans-dixon.com
bfletcher@evans-dixon.com

**Attorneys for Defendant Swan Corp d/b/a The
Swan Corp.**

*/s/ Ury Fischer*
Ury Fischer
Florida Bar No. 0048534
ufischer@lfiplaw.com
Lott & Fischer, PL
355 Alhambra Circle, Suite 1100
Coral Gables, FL  33134
Telephone:  305.448.7089
Facsimile:  305.446-6191

Michael E. Jones
State Bar No. 10929400
mikejones@potterminton.com
Allen F. Gardner
State Bar No. 24043679
allengardner@potterminton.com
POTTER MINTON
A Professional Corporation
110 N. College, Suite 500 (75702)
P. O. Box 359
Tyler, TX 75710
Telephone: 903.597.8311
Facsimile: 903.593.0846

**ATTORNEYS FOR DEFENDANT
BROWN JORDAN INTERNATIONAL, INC.**

/s/ *Lindsey L. Hargrove*
Lindsey L. Hargrove
State Bar No. 24065373
MCGUIREWOODS LLP
JPMorgan Chase Tower
600 Travis Street, Suite 7500
Houston, TX  77002-2906
Telephone: (713) 571-9191
Fax: (713) 571-9652
Email: lhargrove@mcguirewoods.com

David E. Finkelson (admitted *pro hac vice*)
Derek H. Swanson (admitted *pro hac vice*)
Lead Counsel
MCGUIREWOODS LLP
One James Center
901 East Cary Street
Richmond, VA  23219
Telephone: (804) 775-1000
Fax: (804) 775-1061
Email: dfinkelson@mcguirewoods.com
Email: dswanson@mcguirewoods.com

**COUNSEL FOR DEFENDANTS
REMINGTON ARMS COMPANY, INC. AND
STIHL INCORPORATED**

*/s/ Gregory L. Lippetz*

Gregory L. Lippetz
Iman Lordgooei
JONES DAY
1755 Embarcadero Road
Palo Alto, CA  94303
Telephone:  (650) 739-3939
Facsimile:  (650) 739-3900
E-mail: glippetz@jonesday.com
E-mail: ilordgooei@jonesday.com

Daniel T. Conrad
JONES DAY
2727 North Harwood Street
Dallas, TX  75201
Telephone:  (214) 220-3939
Facsimile:  (214) 969-5100
E-mail: dtconrad@jonesday.com

**ATTORNEYS FOR DEFENDANTS DR. PEPPER SNAPPLE GROUP, INC. AND CHURCH & DWIGHT CO., INC.**

_/s/ Michael N. Zachary_
Michael N Zachary
Christensen O'Connor Johnson Kindness PLLC
1420 Fifth Ave
Ste 2800
Seattle, WA 98101
206-682-8100
Fax: 206-224-0779
Email: michael.zachary@cojk.com

S. Calvin Capshaw, III
State Bar No. 03783900
Elizabeth L. DeRieux
State Bar No. 05770585
D. Jeffrey Rambin
State Bar No. 00791478
Capshaw DeRieux, LLP
114 E. Commerce Ave.
Gladewater, Texas 75647
903) 236-9800 Telephone
 (903) 236-8787 Facsimile
E-mail: ccapshaw@capshawlaw.com
E-mail: ederieux@capshawlaw.com
E-mail: jrambin@capshawlaw.com

**COUNSEL FOR DEFENDANT
PACIFIC BIOSCIENCE LABORATORIES, INC.**

_/s/ William E. Devitt_
William E. Devitt
Kirkland & Ellis - Chicago
300 N LaSalle Street
Chicago, IL 60654
Phone: 312-862-2003
Fax: 312-862-2200
Email: wdevitt@kirkland.com

**ATTORNEY FOR DEFENDANTS
ADVANCE AUTO PARTS, INC, E-ADVANCE
LLC AND ADVANCE STORES COMPANY,
INC.**

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that a true and correct copy of the above and foregoing document has been served on January 27, 2012, to all counsel of record who are deemed to have consented to electronic service via the Court's CM/ECF system per Local Rule CV-5(a)(3).

*/s/ Michael A. Bittner*
Michael A. Bittner

## <u>CERTIFICATE OF CONFERENCE</u>

The undersigned hereby certifies that counsel has complied with the meet and confer requirement of Local Rule CV-7(h) and that the motion is opposed.  Counsel for both parties discussed the issues presented here by teleconference and electronic mail on June 15-16, 2011, and January 27, 2012.  No agreement could be reached.  Discussions have conclusively ended in an impasse, leaving an open issue for the Court to resolve.

*/s/Michael A. Bittner*
Michael A. Bittner
